Joshua W. Carden, SBN 021698
Joshua Carden Law Firm, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carrie Jo Thomas, individually and on behalf of those similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>Rite of Passage, Inc.,<br><br>      Defendant. | **ORIGINAL COMPLAINT (COLLECTIVE ACTION)** |

By and through the undersigned counsel, Carrie Jo Thomas, individually and on behalf of others similarly situated, hereinafter called Plaintiff, submits the following as her Original Complaint against Defendant Rite of Passage Inc.

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.* ("FLSA"). Specifically, Plaintiff, serving as a "Group Leader" for Defendant's government-subsidized juvenile group home seeks payment for uncompensated overtime hours for time worked each week in excess of 40 hours, including the hours of 12 a.m. to 6 a.m. at least one night each week.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

3. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, State of Arizona.



4. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

5. At all times material hereto, Plaintiff is and was a resident of Arizona and an "employee" of Rite of Passage as defined in 29 U.S.C. § 203(e).

6. Upon information and belief, Rite of Passage was and is incorporated in Las Vegas, Nevada with its headquarters at 2560 Business Parkway, Suite A, Minden, NV 89423

7. At all times material hereto, Rite of Passage owned and operated its principal place of business in Arizona at a facility doing business as "Canyon State Academy" located at 20061 E. Rittenhouse Road, Queen Creek, Arizona 85142.

**8.** Rite of Passage was and is an "enterprise" as defined in 29 USC § 203(s)(1) subject to the requirements of the FLSA.

**FACTUAL BACKGROUND**

9. Defendant Rite of Passage originally hired Plaintiff to work as Awake Night Staff.

10. Rite of Passage hired Plaintiff on or about June 26, 2006.

11. Approximately six months after being hired, Rite of Passage transitioned Plaintiff to the position of "Coach Counselor" and in another 12 months promoted her to "Group Leader."

12. Rite of Passage treats Coach Counselors as "nonexempt" – paying its Coach Counselors by the hour and "time and half" for overtime hours.

13. In contrast, Rite of Passage treats Group Leaders as "nonexempt" and pays them a salary without paying them overtime for hours worked in excess of 40 in a given workweek.

14. Rite of Passage paid Plaintiff a salary from the time she was promoted to Group Leader until she resigned from that position in approximately July 2016.

15. Plaintiff routinely worked in excessive of 40 hours in each workweek – in fact, each shift lasted for at least 48 hours – not counting the overnight stay requirement.

16. Specifically, Plaintiff would be responsible for taking students to medical treatment, searching for students who were absent without leave, and breaking up altercations among the students – issues sometimes lasting most of the night even on nights when Plaintiff was not scheduled to stay overnight.



17. Thought the Group Leaders are not required to punch a time clock, they are likewise expected to be present onsite at least by midnight on nights they stay over.

18. Plaintiff's job description as a Group Leader differed little from that as a Coach Counselor.

19. Other than the ability to issue a "write up" to a Coach Counselor who was breaking the rules, Plaintiff and the other Group Leaders had responsibilities practically identical to those of the Coach Counselors.

20. However, even the ability to issue a write up was not truly the province of a Group Leader, as Plaintiff was overridden in her decision to issue a write up at least three times.

21. Plaintiff and the other Group Leaders did not perform managerial or executive duties.

22. Group Leaders, like Plaintiff, were expected to manage their own cabin of children, be with those children throughout the day, stay in the cabin at least one night a week, and participate fully in all activities throughout the day, just like the Coach Counselors did.

23. The only "management" and "supervisor" duties Group Leaders have are the same as that of the Coach Counselors – the "management" and "supervision" of the children under their care.

24. Group Leaders, like Plaintiff, had no discretion as to when they would arrive for work, what hours they worked, what schedule they followed, what activities they would perform, whether they would stay overnight, or whether they could work fewer hours than their required shift.

25. In fact, Plaintiff was actually written up for failing to arrive 15 minutes ahead of the normally scheduled "shift."

26. Furthermore, Group Leaders, like Plaintiff, had no control over when and where the Coach Counselors on their team would be assigned or re-assigned as needed by the Unit Managers.

27. The Unit Managers (another class of employees treated by Rite of Passage as exempt) were the true supervisors of all Group Leaders and Coach Counselors – including setting schedules, dictating shift and overnight assignments, and hiring and firing for both groups.



28. Upon information and belief, the records concerning the nights on which each Group Leader worked are in the possession and custody of Rite of Passage.

29. Rite of Passage does employ one or more "night watchmen" and compensates them for time spent on the premises overnight.

30. However, Rite of Passage does not pay the Group Leaders who stay overnight for the hours that they stay overnight.

31. On most occasions, the hours spent overnight by the Group Leaders occur during weeks where the Group Leaders have already worked in excess of 40 hours.

32. For 90 days, beginning on October 8, 2015, Plaintiff worked as a "Compliance Manager" – a position that, upon information and belief, would be classified as "exempt."

33. Thereafter, Plaintiff returned to her Group Leader position.

34. Plaintiff has retained the attorneys of Joshua Carden Law Firm, P.C. to represent her in this litigation and has agreed to pay reasonable attorney's fees for services rendered in the prosecution of this action on her behalf.

**COUNT ONE - VIOLATION OF FAIR LABOR STANDARDS ACT**

35. Plaintiff hereby incorporates all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

36. At all times relevant to this action, the Plaintiff and those similarly situated were employed as Group Leaders with Rite of Passage.

37. Despite Rite of Passage's misclassification, Group Leaders were and are non-exempt employees under the FLSA.

38. While employed with Defendant Rite of Passage, Plaintiff and others similarly situated, as Group Leaders, consistently and regularly were and are required to work an eight hour overnight shift in addition to working at least forty-eight hours a week for their normal shift.

39. Rite of Passage has intentionally failed to properly classify and pay Group Leaders any overtime wages in direct violation of the FLSA.

40. Based on their job duties, Group Leaders should be classified as nonexempt (like the Coach Counselors) and should be paid at an overtime rate for all hours worked in excess of 40 in



any given workweek.

41. Rite of Passage has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to classify and pay Group Leaders in accordance with § 207 of the FLSA

42. As a result of Defendant Rite of Passage's violation of the FLSA, Group Leaders have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA

43. Under 29 U.S.C. § 216, Defendant is liable to Group Leaders for an amount equal to one and one-half times their regularly hourly pay rate for each hour of overtime worked per week.

44. In addition to the amount of unpaid wages owed, Group Leaders participating in this suit are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

45. Rite of Passage has not made a good faith effort to comply with the FLSA.

46. Specifically, Rite of Passage has been sued regarding its classification of employees on several occasions in the past few years and continues to maintain that its Group Leaders are non-exempt employees despite their non-managerial role.

47. On the last occasion that a collective action was certified on behalf of Coach Counselors, there were several employees who opted in to the lawsuit, and upon information and belief, there are many Group Leaders employed at Rite of Passage during the past three years who would likely opt in to this lawsuit.

48. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant as follows:

A. That a collective action be certified under 29 U.S.C.A. § 216(b) for Plaintiff, and all others similarly situated, affected by the actions of Rite of Passage;

B. Awarding Plaintiff overtime compensation, in the amount due to Plaintiff for all of the Plaintiff's overtime worked equal to one and one-half times Plaintiffs' proper hourly rate for the past three (3) years or, alternatively, the past two (2) years depending upon the



5

1  nature of the Defendant's conduct;
2  C. Awarding Plaintiff liquidated damages in an amount equal to the overtime award for the past three (3) years, or alternatively, for the past two (2) years depending upon the nature of the Defendant's conduct;
3  D. Awarding Plaintiff's reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);
4  E. Awarding Plaintiff's costs incurred in this action;
5  F. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts due set forth in subsection (a) and (b) above from the date of the payment due for that pay period until paid in full;
6  G. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and
7  H. For such other and further relief as the Court deems just and proper.

Respectfully submitted on this 18th day of January, 2017,

JOSHUA CARDEN LAW FIRM, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorney for Plaintiff Carrie Jo Thomas*
*/Attorney for Putative Collective Action*

## CONSENT TO JOIN

I, Carrie Jo Thomas, pursuant to 29 U.S.C. §§ 216(b) and 256, consent and opt-into the above styled lawsuit.

Dated: January 17, 2017

Carrie Jo Thomas

